FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA
JUL 2 6 2022
BY_____
DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DEBRA HULL and ERNEST HULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CJ-2022-421 |
| vs. ) | |
| ) | |
| WALMART INC., ) | |
| WAL-MART STORES EAST, LP, and ) | |
| WAL-MART ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

**PETITION**

**COUNT I**

PAUL HESSE

Plaintiffs state:

1. On September 2, 2020, Plaintiff Debra Hull was an invitee at Defendants' premises located at 2020 S. Muskogee Ave. in Tahlequah, Oklahoma.

2. On the aforementioned date, Plaintiff Debra Hull was walking on Defendants' premises in an area where she was permitted to walk when she slipped and fell.

3. Plaintiff sustained injuries from the fall.

4. At all times mentioned herein, Defendants were acting by and through their agents, servants and employees known to Defendants and unknown to Plaintiffs.

5. Plaintiff Debra Hull's damages resulted from Defendants' negligence as follows:

    a. Defendants created a hazard known to Defendants at a time when Defendants knew or should have known that said hazard was likely to cause invitees to trip and fall, including Plaintiff Debra Hull.

EXHIBIT 2

  b. Defendants maintained the aforesaid area in a dangerous condition at a time when Defendants knew or should have known that such condition was likely to cause persons, including Plaintiff Debra Hull, to slip and fall and receive injuries.

  c. Defendants failed to warn Plaintiff Debra Hull and other invitees of the aforesaid condition at a time when Defendants knew or should have known that without such warning persons, including Plaintiff Debra Hull, were likely to trip and fall and be injured.

  d. Defendants failed to remove or correct said condition at a time when Defendants knew or should have known that without such action persons, including Plaintiff Debra Hull, were likely to trip and fall and receive injuries.

6. As a direct result of Defendants' negligence Plaintiff Debra Hull suffered personal injuries which are painful, progressive, and permanent. At the time of the injury, Plaintiff Debra Hull was 60 years of age with a life expectancy of 24.7 years. As a further result of Defendants' negligence, Plaintiff Debra Hull has and will incur medical expenses, lost wages, pain of mind and body, will be permanently disabled and her earning capacity has been reduced, damaging her in an amount in excess of $75,000.00.

## COUNT II

7. Plaintiffs for Count II replead and reallege the allegations of Count I herein and state that Plaintiff Ernest Hull is the husband of Plaintiff Debra Hull and that as a further result of Defendants' negligence, he has and will be deprived of his wife's services, companionship and consortium and has been damaged in an amount in excess of $75,000.00.

WHEREFORE, Plaintiffs prays for judgment against Defendants in an amount in excess of $75,000.00, together with interests and costs of this action.

Respectfully submitted,

_____
T. Luke Abel, OBA #21094
ABEL LAW FIRM
900 NE 63rd Street
Oklahoma City, OK 73105
(405) 239 7046
(405) 418 0833 - Fax
label@abellawfirm.com
**ATTORNEY FOR PLAINTIFFS**

ATTORNEYS' LIEN CLAIMED